Robert R. Berk, Bar #010162
Charles M. Callahan, Bar #014984
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone:  (602) 263-1781
Fax:  (602) 200-7818
rberk@jshfirm.com
ccallahan@jshfirm.com

Attorneys for Plaintiff GFRS Equipment
Leasing Fund II, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| GFRS Equipment Leasing Fund II, LLC, | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Mountain Chief Management Services, Inc.; CHC Holdings, LLC; Myrna Burns Mooney and Stanley Ross Mooney, | |
| Defendants. | |

Plaintiff GFRS Equipment Leasing Fund II, LLC ("GFRS"), for its Complaint against Defendants Mountain Chief Management Services, Inc. ("Mountain Chief"), CHC Holdings, LLC ("CHC"), Myrna Burns Mooney ("Myrna") and Stanley Ross Mooney ("Stanley"), states as follows:

### PARTIES

1.      GFRS is a Delaware limited liability company with its place of business in Maricopa County, Arizona. GFRS's members are all individuals who are domiciled in and citizens of the State of Arizona.

2.      Mountain Chief is a Montana corporation that maintains its principal place of business in Babb, Glacier County, Montana.

3.     CHC is a Delaware limited liability company that maintains its place of business in Hillsboro, Washington County, Oregon. Upon information and belief, CHC's members are domiciled in and are citizens of Montana.

4.     Myrna is an individual who is domiciled in Babb, Glacier County, Montana. Myrna is a citizen of Montana.

5.     Stanley is an individual who is domiciled in Babb, Glacier County, Montana. Stanley is a citizen of Montana.

**JURISDICTION & VENUE**

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because GFRS and each of the defendants are citizens of different states.

7.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this claim occurred in this district and the equipment forming the basis of this action is located in this district.

8.     The amount in controversy exceeds $75,000.

**GENERAL ALLEGATIONS**

*Defendants Enter into Lease 10230469 and the 10230469 Guaranties*

9.     On or about January 25, 2018, Mountain Chief and non-party Global Financial & Leasing Services, LLC ("Global") entered into Lease Agreement 10230469 ("Lease 10230469") pursuant to which Global leased certain equipment (the "10230469 Equipment") to Mountain Chief as more particularly described in the invoices attached to Lease 10230469. A true and correct copy of Lease 10230469, including the applicable invoices, exhibits, addendums, attachments, and schedules, is attached as **Exhibit A**.

2

10.     Pursuant to the terms of Lease 10230469, Mountain Chief promised to make one (1) initial payment of $20,000.00 plus applicable taxes, if any, followed by forty-eight (48) consecutive monthly payments of $5,399.00 plus applicable taxes, if any, to Global. *See* Ex. A, "Term and Lease Payment Schedule" section.

11.     Lease 10230469 provides, in pertinent part, that:

The Equipment will be deemed irrevocably accepted by you and your obligations under the Lease shall begin upon the earlier of: a) the delivery to us of a signed Delivery and Acceptance Certificate; or b) 3 days after delivery of the Equipment to you if you have not previously given written notice to us that the Equipment is not accepted…You authorize us to adjust the Lease Payment of the actual Amount Financed (which is all amounts we have paid in connection with and including the purchase, delivery and stellation of the Equipment, any trade-up and buyout amounts and any financed sales or use tax) differs from the estimated Amount Financed.

*See* Ex. A, ¶ 1

12.     Lease 10230469 also provides that any of the following occurrences shall constitute a default under Lease 10230469:

(a) you fail to pay any Lease Payment or any other payment within 10 days of its due date, (b) you do not perform any of your other obligations under this Lease or in any other agreement with us or with any of our affiliates and this failure continues for 10 days after we have notified you of it, (c) you become insolvent, you dissolve or are dissolved, or you assign your assets for the benefit of your creditors, or enter (voluntarily or involuntarily) any bankruptcy or reorganization proceeding; (d) any guarantor of this Lease dies, does not perform its obligations under the guaranty, or becomes subject to one of the events listed in clause (c) above.

*See* Ex. A, ¶ 8.

13.     Lease 10230469 further provides that, if a default occurs, GFRS may exercise one or more of the following rights or remedies:

(a) cancel or terminate this Lease and any or all other agreements that we have entered into with you; (b) require you to immediately pay us, as compensation for loss of our bargain and not as a penalty, the sum equal to

(i) all unpaid Lease Payments for the remainder of the term plus the anticipated residual interest in the Equipment, plus (ii) all other amounts due or that become due under this Lease; (c) require you to deliver the Equipment to us as set forth in Section 3; (d) peacefully repossess the Equipment without court order and you will not make any claims against us for damages or trespass or any other reason; and (e) exercise any other right or remedy available at law or in equity. **You agree that all rights and remedies are cumulative and not exclusive and to pay all of our costs of enforcing our rights against you, including reasonable attorneys' fees and costs plus expenses of repair, redelivery, storage and repossession of the Equipment.**

*See* Ex. A, ¶ 9.

14.     On or about March 8, 2018, Global sold and assigned its right, title, and interest in and to Lease 10230469 to GFRS. A true and correct copy of the applicable Lease Assignment is attached as **Exhibit B**.

15.     Myrna and Stanley (together, the "Personal Guarantors") executed a Personal Guaranty (the "10230469 Personal Guaranty") pursuant to which they, jointly and severally, unconditionally and irrevocably guaranteed to GFRS the full and prompt performance of all monthly payments to be paid to GFRS under Lease 10230469 and the performance of all terms, conditions, covenants, and agreements of Lease 10230469. *See* Ex. A, p.4.

16.     CHC executed a Corporate Guaranty (the "10230469 Corporate Guaranty," and together with the 10230469 Personal Guaranty, the "10230469 Guaranties") pursuant to which it absolutely and unconditionally guaranteed to GFRS the full and prompt performance of all monthly payments to be paid to GFRS under Lease 10230469, and the performance of all terms, conditions, covenants, and agreements of Lease 10230469. A true and correct copy of the 10230469 Corporate Guaranty is attached as **Exhibit C.**

4

17.     Pursuant to Lease 10230469, GFRS is the owner of the 10230469 Equipment or, alternatively, has a security interest in the 10230469 Equipment. *See* Ex. A, ¶ 7.

18.     GFRS has a perfected security interest in the 10230469 Equipment. A true and correct copy of the UCC Financing Statement covering the 10230469 Equipment that was filed with the Montana Secretary of State is attached as **Exhibit D**.

<u>*Defendants Breached Their Contractual Obligations to GFRS*</u>

19.     GFRS has performed all of its obligations under Lease 10230469.

20.     Mountain Chief defaulted on its obligations under Lease 10230469 by failing to make all required monthly payments when due as set forth in Lease 10230469.

21.     Mountain Chief is in default under the terms of Lease 10230469 as a result of its failure and continuing refusal to make the payments to GFRS in the manner proscribed by Lease 10230469. The amounts due and owing under Lease 10230469 ("10230469 Remaining Balance") are as follows:

| | |
|---|---|
| Remaining Lease Payments: | $159,568.00 |
| Late Fees: | $25,105.35 |
| NSF Fees | $100.00 |
| Taxes: | $827.28 |
| **Total:** | **$185,600.63** |

22.     GFRS made a written demand upon Defendants for all amounts due and owing under Lease 10230469 and the 10230469 Guaranties, but the Defendants have failed and refused to pay.

23.     Upon information and belief, Mountain Chief is in possession of or has control over the 10230469 Equipment.

<u>*Defendants Enter into Lease 10230470 and the 10230470 Guaranties*</u>

5

10599476.1

24. On or about January 25, 2018, Mountain Chief and non-party Global Financial & Leasing Services, LLC ("Global") entered into Lease Agreement 10230470 ("Lease 10230470") pursuant to which Global leased certain equipment (the "10230470 Equipment," and together with the 10230469 Equipment, the "Equipment") to Mountain Chief as more particularly described in the invoices attached to Lease 10230470. A true and correct copy of Lease 10230470, including the applicable exhibits, addendums, attachments, and schedules, is attached as **Exhibit E**.

25. Pursuant to the terms of Lease 10230470, Mountain Chief promised to make one (1) initial payment of $20,000.00 plus applicable taxes, if any, followed by forty-eight (48) consecutive monthly payments of $8,376.00 plus applicable taxes, if any, to Global. *See* Ex. E, "Term and Lease Payment Schedule" section.

26. Lease 10230470 provides, in pertinent part, that:

> The Equipment will be deemed irrevocably accepted by you and your obligations under the Lease shall begin upon the earlier of: a) the delivery to us of a signed Delivery and Acceptance Certificate; or b) 3 days after delivery of the Equipment to you if you have not previously given written notice to us that the Equipment is not accepted…You authorize us to adjust the Lease Payment of the actual Amount Financed (which is all amounts we have paid in connection with and including the purchase, delivery and stellation of the Equipment, any trade-up and buyout amounts and any financed sales or use tax) differs from the estimated Amount Financed.

*See* Ex. E, ¶ 1

27. Lease 10230470 also provides that any of the following occurrences shall constitute a default under Lease 10230470:

> (a) you fail to pay any Lease Payment or any other payment within 10 days of its due date, (b) you do not perform any of your other obligations under this Lease or in any other agreement with us or with any of our affiliates and this failure continues for 10 days after we have notified you of it, (c) you become insolvent, you dissolve or are dissolved, or you assign your

6

assets for the benefit of your creditors, or enter (voluntarily or involuntarily) any bankruptcy or reorganization proceeding; (d) any guarantor of this Lease dies, does not perform its obligations under the guaranty, or becomes subject to one of the events listed in clause (c) above.

*See* Ex. E, ¶ 8.

28.     Lease 10230470 further provides that, if a default occurs, GFRS may exercise one or more of the following rights or remedies:

(a) cancel or terminate this Lease and any or all other agreements that we have entered into with you; (b) require you to immediately pay us, as compensation for loss of our bargain and not as a penalty, the sum equal to (i) all unpaid Lease Payments for the remainder of the term plus the anticipated residual interest in the Equipment, plus (ii) all other amounts due or that become due under this Lease; (c) require you to deliver the Equipment to us as set forth in Section 3; (d) peacefully repossess the Equipment without court order and you will not make any claims against us for damages or trespass or any other reason; and (e) exercise any other right or remedy available at law or in equity. **You agree that all rights and remedies are cumulative and not exclusive and to pay all of our costs of enforcing our rights against you, including reasonable attorneys' fees and costs plus expenses of repair, redelivery, storage and repossession of the Equipment.**

*See* Ex. E, ¶ 9.

29.     On or about January 25, 2019, Global sold and assigned its right, title, and interest in and to Lease 10230470 to GFRS.  A true and correct copy of the applicable Lease Assignment is attached as **Exhibit F**.

30.     Pursuant to the Authorization to Release Funds for Vendor Deposits ("10230470 Authorization"), which was executed in conjunction with and is a part of Lease 10230470, Mountain Chief authorized Global to make certain advance payments to the vendors of the 10230470 Equipment. *See* Ex. E, p. 5, Ex. A.

31.     The Authorization provides, in pertinent part, that "[Mountain Chief] agrees to pay Lessor Carrying Charges of the outstanding amount of each advance to the Vendor

7

10599476.1

from the date thereof until fully paid. This daily amount will be multiplied by the number of days until the Lease Commencement Date."

32.     CHC executed a Corporate Guaranty (the "10230470 Corporate Guaranty") pursuant to which it absolutely and unconditionally guaranteed to GFRS the full and prompt performance of all monthly payments to be paid to GFRS under Lease 10230470, and the performance of all terms, conditions, covenants, and agreements of Lease 10230470. A true and correct copy of the 10230470 Corporate Guaranty is attached as **Exhibit G.**

33.     The Personal Guarantors executed a Personal Guaranty (the "10230470 Personal Guaranty," and together with the 10230470 Corporate Guaranty, the "10230470 Guaranties") pursuant to which they, jointly and severally, unconditionally and irrevocably guaranteed to GFRS the full and prompt performance of all monthly payments to be paid to GFRS under Lease 10230470 and the performance of all terms, conditions, covenants, and agreements of Lease 10230470. *See* Ex. E, p.4.

34.     Pursuant to Lease 10230470, GFRS is the owner of the 10230470 Equipment or, alternatively, has a perfected security interest in the 10230470 Equipment. *See* Ex. E, ¶ 7.

35.     GFRS has a perfected security interest in the 10230470 Equipment. A true and correct copy of the UCC Financing Statement covering the 10230470 Equipment that was filed with the Montana Secretary of State is attached as **Exhibit H**.

### *Defendants Breached Their Contractual Obligations to GFRS*

36.     Global, in accordance with the terms of the 10230470 Authorization, advanced approximately $260,455.91 to the 10230470 Equipment vendors between March

8

20, 2018 and December 13, 2018. The 10230470 Equipment was delivered to, accepted, and used by Mountain Chief following Global's and/or GFRS's payment of the vendor advances.

37.     Mountain Chief defaulted on its obligations under Lease 10230470 by failing to make all required monthly payments when due as set forth in the agreement. In fact, other than certain carrying charges, Mountain Chief has made no lease payments under Lease 10230470.

38.     Mountain Chief is in default under the terms of Lease 10230470 as a result of its failure and continuing refusal to make all required in the manner proscribed in the agreement. The amounts due and owing under Lease 10230470 ("10230470 Remaining Balance"):

| | |
|---|---|
| Vendor Advances Disbursed: | $260,455.91 |
| Carrying Charges (through Jan. 31, 2022): | $113,890.00 |
| Carrying Charge payments received: | ($8,100.00) |
| **Total** | **$374,345.91** |

39.     GFRS made a written demand upon Defendants for monies due and owing under Lease 10230470 and the 10230470 Guaranties, but the Defendants have failed and refused to pay.

40.     Upon information and belief, Mountain Chief is in possession of and has control over the 10230470 Equipment.

**COUNT I**
**BREACH OF CONTRACT**
**AGAINST MOUNTAIN CHIEF UNDER LEASE 10230469**

41.     GFRS restates and re-alleges paragraphs 1 through 40 of this Complaint as though fully set forth herein.

10599476.1

42.     Lease 10230469 constitutes a valid and enforceable contract.

43.     GFRS has duly and fully performed its obligations under Lease 10230469.

44.     Mountain Chief's failure and refusal to pay the 10230469 Remaining Balance due and owing to GFRS constitutes a default under Lease 10230469 and amounts to a breach of Mountain Chief's contractual obligations to GFRS.

45.     GFRS has demanded that Mountain Chief pay the 10230469 Remaining Balance due and owing to GFRS under Lease 10230469.

46.     Under the terms of Lease 10230469, GFRS is entitled to recover the 10230469 Remaining Balance, plus applicable late charges in the amount of 15% of each late payment under Lease 10230469, plus all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against Mountain Chief, and expenses of repair, redelivery, storage and repossession of the 10230469 Equipment.

47.     GFRS has been damaged by Mountain Chief's breach of its obligations under Lease 10230469 in an amount no less than the 10230469 Remaining Balance, plus applicable late charges in the amount of 15% of each late payment under the Leases, plus all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against Mountain Chief.

WHEREFORE, GFRS respectfully requests that the Court grant judgment in its favor and against Mountain Chief and enter an order: (a) awarding compensatory damages to GFRS in an amount to be determined at trial; (b) awarding GFRS prejudgment interest; (c) awarding GFRS its attorneys' fees, costs and expenses of enforcing Lease 10230469

10599476.1

pursuant to A.R.S. § 12-341.01 or other applicable law; and (d) granting such other and further relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT
## AGAINST CHC UNDER 10230469 CORPORATE GUARANTY

48.     GFRS restates and re-alleges paragraphs 1 through 40 of this Complaint as though fully set forth herein.

49.     The 10230469 Corporate Guaranty constitutes a valid and enforceable contract.

50.     GFRS has satisfied all conditions precedent necessary to the enforcement of the 10230469 Corporate Guaranty.

51.     Mountain Chief's failure and continuing refusal to pay the 10230469 Remaining Balance constitutes a default under Lease 10230469.

52.     CHC, pursuant to the 10230469 Corporate Guaranty, is legally responsible for all financial and other obligations owed by Mountain Chief to GFRS under Lease 10230469.

53.     GFRS has demanded that CHC fulfill its obligations to it under the 10230469 Corporate Guaranty, but CHC refuses to do so.

54.     CHC's ongoing refusal to pay the 10230469 Remaining Balance due and owing to GFRS under Lease 10230469 constitutes a breach of the 10230469 Corporate Guaranty.

55.     GFRS is entitled to recover from CHC all of its attorney fees and any other expenses incurred by GFRS in enforcing its rights under the 10230469 Corporate Guaranty and Lease 10230469.

10599476.1

56.     As a direct and proximate result of CHC's breach of the 10230469 Corporate Guaranty, GFRS has suffered damages in an amount no less than the 10230469 Remaining Balance, plus applicable late charges incurred by Mountain Chief in the amount of 15% of each late payment under Lease 10230469, plus all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights under Lease 10230469 and the 10230469 Corporate Guaranty.

WHEREFORE, GFRS respectfully requests that the Court grant judgment in its favor and against CHC and enter an order: (a) awarding compensatory damages to GFRS in an amount to be determined at trial; (b) awarding GFRS prejudgment interest; (c) awarding GFRS its attorneys' fees, costs and expenses of enforcing Lease 10230469 and the 10230469 Corporate Guaranty pursuant to A.R.S. § 12-341.01 or other applicable law; and (d) granting such other and further relief as the Court deems just and proper.

**COUNT III**
**BREACH OF CONTRACT**
**AGAINST MYRNA AND STANLEY UNDER 10230469 PERSONAL GUARANTY**

57.     GFRS re-states and re-alleges paragraphs 1 through 40 of this Complaint as though fully set forth herein.

58.     The 10230469 Personal Guaranty constitutes a valid and enforceable contract.

59.     GFRS has satisfied all conditions precedent necessary to the enforcement of the 10230469 Personal Guaranty.

60.     Mountain Chief's failure and continuing refusal to pay the 10230469 Remaining Balance constitutes a default under Lease 10230469.

12

61.    The Personal Guarantors, pursuant to the 10230469 Personal Guaranty, are legally responsible for all financial and other obligations owed by Mountain Chief to GFRS under Lease 10230469.

62.    GFRS has demanded that the Personal Guarantors fulfill their obligations to it under the 10230469 Personal Guaranty, but they refuse to do so.

63.    The Persona Guarantors' ongoing refusal to pay the 10230469 Remaining Balance due and owing to GFRS under Lease 10230469 constitutes a breach of the 10230469 Personal Guaranty.

64.    GFRS is entitled to recover from the Personal Guarantors all of its attorney fees and any other expenses incurred by GFRS in enforcing its rights under the 10230469 Personal Guaranty and Lease 10230469.

65.    As a direct and proximate result of the Personal Guarantors' breach of the 10230469 Personal Guaranty, GFRS has suffered damages in an amount no less than the 10230469 Remaining Balance, plus applicable late charges incurred by Mountain Chief in the amount of 15% of each late payment under Lease 10230469, plus all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights under Lease 10230469 and the 10230469 Personal Guaranty.

WHEREFORE, GFRS respectfully requests that the Court grant judgment in its favor and against the Personal Guarantors, jointly and severally, and enter an order: (a) awarding compensatory damages to GFRS in an amount to be determined at trial; (b) awarding GFRS prejudgment interest; (c) awarding GFRS its attorneys' fees, costs and expenses of enforcing Lease 10230469 and the 10230469 Personal Guaranty pursuant to

10599476.1

A.R.S. § 12-341.01 or other applicable law; and (d) granting such other and further relief as the Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT
## AGAINST MOUNTAIN CHIEF UNDER LEASE 10230470

66.     GFRS restates and re-alleges paragraphs 1 through 40 of this Complaint as though fully set forth herein.

67.     Lease 10230470 constitutes a valid and enforceable contract.

68.     Global, and its successor in interest, GFRS, have duly and fully performed their obligations under Lease 10230470.

69.     Mountain Chief's failure and refusal to pay the 10230470 Remaining Balance due and owing to GFRS constitutes a default under Lease 10230470 and amounts to a breach of Mountain Chief's contractual obligations to GFRS.

70.     GFRS has demanded that Mountain Chief pay the 10230470 Remaining Balance due and owing to GFRS under Lease 10230470.

71.     Under the terms of Lease 10230470, GFRS is entitled to recover the 10230470 Remaining Balance, plus applicable carrying charges, plus all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against Mountain Chief, and expenses of repair, redelivery, storage and repossession of the 10230470 Equipment.

72.     GFRS has been damaged by Mountain Chief's breach of its obligations under Lease 10230470 in an amount no less than the 10230470 Remaining Balance, plus applicable carrying charges, plus all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against Mountain Chief.

14

WHEREFORE, GFRS respectfully requests that the Court grant judgment in its favor and against Mountain Chief and enter an order: (a) awarding compensatory damages to GFRS in an amount to be determined at trial; (b) awarding GFRS prejudgment interest; (c) awarding GFRS its attorneys' fees, costs and expenses of enforcing Lease 10230470 pursuant to A.R.S. § 12-341.01 or other applicable law; and (d) granting such other and further relief as the Court deems just and proper.

**COUNT V**
**BREACH OF CONTRACT**
**AGAINST CHC UNDER 10230470 CORPORATE GUARANTY**

73.    GFRS restates and re-alleges paragraphs 1 through 40 of this Complaint as though fully set forth herein.

74.    The 10230470 Corporate Guaranty constitutes a valid and enforceable contract.

75.    GFRS has satisfied all conditions precedent necessary to the enforcement of the 10230470 Corporate Guaranty.

76.    Mountain Chief's failure and continuing refusal to pay the 10230470 Remaining Balance constitutes a default under Lease 10230470.

77.    CHC, pursuant to the 10230470 Corporate Guaranty, is legally responsible for all financial and other obligations owed by Mountain Chief to GFRS under Lease 10230470.

78.    GFRS has demanded that CHC fulfill its obligations to it under the 10230470 Corporate Guaranty, but CHC refuses to do so.

10599476.1

79.     CHC's ongoing refusal to pay the 10230470 Remaining Balance due and owing to GFRS under Lease 10230470 constitutes a breach of the 10230470 Corporate Guaranty.

80.     GFRS is entitled to recover from CHC all of its attorney fees and any other expenses incurred by GFRS in enforcing its rights under the 10230470 Corporate Guaranty and Lease 10230470.

81.     As a direct and proximate result of CHC's breach of the 10230470 Corporate Guaranty, GFRS has suffered damages in an amount no less than the 10230470 Remaining Balance, plus applicable late charges incurred by Mountain Chief in the amount of 15% of each late payment under Lease 10230470, plus all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights under Lease 10230470 and the 10230470 Corporate Guaranty.

WHEREFORE, GFRS respectfully requests that the Court grant judgment in its favor and against CHC and enter an order: (a) awarding compensatory damages to GFRS in an amount to be determined at trial; (b) awarding GFRS prejudgment interest; (c) awarding GFRS its attorneys' fees, costs and expenses of enforcing Lease 10230470 and the 10230470 Corporate Guaranty pursuant to A.R.S. § 12-341.01; and (d) granting such other and further relief as the Court deems just and proper.

**COUNT VI**
**BREACH OF GUARANTY**
**AGAINST MYRNA AND STANLEY UNDER 10230470 PERSONAL GUARANTY**

82.     GFRS restates and re-alleges paragraphs 1 through 40 of this Complaint as though fully set forth herein.

16

10599476.1

83.    The 10230470 Personal Guaranty constitutes a valid and enforceable contract.

84.    GFRS has satisfied all conditions precedent necessary to the enforcement of the 10230470 Personal Guaranty.

85.    Mountain Chief's failure and continuing refusal to pay the 10230470 Remaining Balance constitutes a default under Lease 10230470.

86.    The Personal Guarantors, pursuant to the 10230470 Personal Guaranty, are legally responsible for all financial and other obligations owed by Mountain Chief to GFRS under Lease 10230470.

87.    GFRS has demanded that the Personal Guarantors fulfill their obligations to it under the 10230470 Personal Guaranty, but they refuse to do so.

88.    The Personal Guarantors' ongoing refusal to pay the 10230470 Remaining Balance due and owing to GFRS under Lease 10230470 constitutes a breach of the 10230470 Personal Guaranty.

89.    GFRS is entitled to recover from the Personal Guarantors all of its attorney fees and any other expenses incurred by GFRS in enforcing its rights under the 10230470 Personal Guaranty and Lease 10230470.

90.    As a direct and proximate result of the Personal Guarantors' breach of the 10230470 Personal Guaranty, GFRS has suffered damages in an amount no less than the 10230470 Remaining Balance, plus applicable late charges incurred by Mountain Chief in the amount of 15% of each late payment under Lease 10230470, plus all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights under Lease 10230470 and the 10230470 Personal Guaranty.

WHEREFORE, GFRS respectfully requests that the Court grant judgment in its favor and against the Personal Guarantors, jointly and severally, and enter an order: (a) awarding compensatory damages to GFRS in an amount to be determined at trial; (b) awarding GFRS prejudgment interest; (c) awarding GFRS its attorneys' fees, costs and expenses of enforcing Lease 10230470 and the 10230470 Personal Guaranty pursuant to A.R.S. § 12-341.01 or other applicable law; and (d) granting such other and further relief as the Court deems just and proper.

## COUNT VII
## UNJUST ENRICHMENT AGAINST MOUNTAIN CHIEF
### (Pled in the Alternative to Count IV)

91.    Between March 2018 and December 2018, Global advanced approximately $260,455.91 to the 10230470 Equipment vendors based upon the express understanding that Mountain Chief would be entitled to the use and possession of the 10230470 Equipment for approximately 49 months in exchange for repaying the advanced funds to Global plus carrying charges on the outstanding amount of the advances.

92.    The parties agreed that, upon the expiration of the 49-month term, Mountain Chief would return the 10230470 Equipment to Global, who at all times retained ownership of the 10230470 Equipment.

93.    As a result of the vendor advances made by Global, the 10230470 Equipment was delivered to and accepted by Mountain Chief.

94.    Mountain Chief, upon information and belief, currently has possession of and maintains control of the 10230470 Equipment.

95.    On or about January 25, 2019, Global sold and assigned its right, title, and all interests in and to the 10230470 Equipment to GFRS.

18

96.     Mountain Chief has retained the benefit of the vendor advances made by Global without payment or compensation to Global or GFRS.

97.     Similarly, Mountain Chief has and continues to refuse to return the 10230470 Equipment to GFRS despite GFRS's express requests to do so.

98.     Mountain Chief's retention of the benefit of the vendor advances and continued possession of the 10230470 Equipment has resulted in an unjust and unfair enrichment to Mountain Chief at the expense of and detriment to GFRS.

99.     GFRS has suffered an impoverishment as a direct and proximate result of Mountain Chief's conduct.

100.    Mountain Chief's conduct in retaining the benefit of the vendor advances and its continued possession of the 10230470 Equipment, which has resulted in an enrichment to Mountain Chief and an impoverishment to GFRS, is without justification.

101.    Consequently, Mountain Chief has been unjustly enriched in an amount no less than $260,455.91 and for which GFRS has no adequate remedy at law.

WHEREFORE, GFRS respectfully requests that the Court grant judgment in its favor and against Mountain Chief and enter an order: (a) awarding compensatory damages to GFRS in an amount to be determined at trial; (b) imposing an equitable lien against the 10230470 Equipment; (c) imposing a constructive trust against Mountain Chief in the amount of at least $260,455.91; (d) awarding GFRS its attorneys' fees, costs and expenses pursuant to A.R.S. § 12-341.01 or other applicable law; and (e) granting such other and further relief as the Court deems just and proper.

10599476.1

**COUNT VII**
**TURNOVER & WRIT OF REPLEVIN AGAINST ALL DEFENDANTS**

102.   GFRS restates and re-alleges paragraphs 1 through 40 of this Complaint as though fully set forth herein.

103.   Upon the occurrence of a default under the terms of Lease 10230469 and Lease 1023470, respectively, GFRS is entitled to immediate possession of the Equipment forming the subject matter of the respective leases and the Defendants must immediately tender such Equipment to GFRS.

104.   Mountain Chief has defaulted under the terms of Lease 10230469 and Lease 1023470 as a result of, among other things, its failure to pay all amounts due and owing to GFRS.

105.   As a result of Mountain Chief's payment defaults, GFRS is contractually entitled to the immediate possession of the Equipment. *See* Ex. A, ¶ 9; Ex. E, ¶ 9.

106.   GFRS is the owner of the Equipment and/or has a secured interest in the Equipment and thus is legally entitled to its possession.

107.   GFRS is lawfully entitled to the immediate delivery and possession of the Equipment pursuant to A.R.S. § 47-9601, 9609.

108.   GFRS is further entitled to a pre-judgment writ of replevin allowing it to take immediate possession of the Equipment pursuant to A.R.S. § 12-1301 *et. seq.*

109.   The Equipment is being wrongfully detained by the Defendants.

110.   The Equipment, upon information and belief, is valued at $434,911.82, depending upon its condition.

10599476.1

111. Upon information and belief, the Equipment is currently in the possession of and under the control of the Defendants, or any one of them, though the precise whereabouts are unknown at this time.

112. The Equipment has not been seized under any process, execution or attachment against the Equipment or, if so seized, it is exempt from such seizure.

113. GFRS has made demand upon the Defendants for the return of the Equipment but they have failed and continue to refuse to return it.

114. Upon information and belief, the Equipment is in danger of being sold to third-parties and/or otherwise disposed of by the Defendants.

115. GFRS has a superior right to the Equipment over the Defendants.

WHEREFORE, GFRS respectfully requests that this Court enter an order: (a) directing Mountain Chief, CHC, Myrna and Stanley, jointly and severally, to deliver the Equipment to GFRS within five (5) days from the date of such order pursuant to the terms of Lease 10230469 and Lease 1023470, as well as A.R.S. § 12-1301 *et. seq.*; or, alternatively, (b) requiring the Mountain Chief, CHC, Myrna and Stanley, jointly and severally, or any other individual in possession of the Equipment, to deliver the Equipment to the United States Marshall or another appropriate officer and requiring such officer, if the same is not delivered, to take it from the Defendants and deliver it to GFRS; (c) if the same is not so delivered, to repossess it and deliver it to Plaintiff GFRS Equipment Leasing Fund II, LLC pursuant to A.R.S. § 12-1301 *et seq.*; and (d) awarding GFRS its attorneys' fees, costs and expenses pursuant to A.R.S. § 12-341.01 or other applicable law.

## **DEMAND FOR JURY TRIAL**

116. GFRS demands a jury trial of all issues triable by right by jury.

10599476.1

DATED this 25th day of May, 2022.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Robert R. Berk
    Robert R. Berk
    Charles M. Callahan
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Plaintiff GFRS Equipment
    Leasing Fund II, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2022, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Kathy Kleinschmidt