|  |  |  |  |
|---|---|---|---|
|  | Retort Clamps (2)<br>Lab Jack 8x8<br>Vacuum Grease<br>Premium Vacuum Gauge<br>5L Specific Hoses/Connectors<br>Packing Material *<br>Discount: 5% -$547.25 |  |  |
| 8614R50 | Explosion Proof Stirring Hot Plate*<br>120 V, 8.3 Amps, 1000 Watts *<br>Discount: 15% -$2,424.71 | 4 | ~~$16,164.76~~<br>$13,740.05 |

|  |  |
|---|---|
| Subtotal w/ Discounts | $97,615.91 |
| Total Tax | $0.00 |
| **Total** | **$97,615.91** |

**Terms & Conditions**

Returns:
Please do not return any material without our consent. Please call or email your request to help@labsociety.com to receive authorization. Lab Society cannot be responsible for material returned without our permission. Upon approval, Lab Society will accept, for return or exchange, items that are in new condition, unopened, and free of damages by the customer within 30 days of the initial purchase date. Returns made after 30 days are subject to a 20% restocking fee. Items must be in original packaging with proof of purchase; otherwise, the return or exchange will not be honored. Shipping and processing fees for returns/exchanges will be at the customer's expense.

Damaged Items/Shortages:
Please call or email help@labsociety.com to report shortages, breakage or discrepancies in your order within 10 days of receipt of your order. Do not discard broken items prior to speaking with our returns department. Pictures may be required of broken/damaged items to improve packaging and shipping methods.

Special Orders:
In the event that a paid invoice including non-stocked items (special order) requires cancellation, Lab Society will impose a 10% maintenance fee to cover any incurred expenses including shipping, processing, and office fees.

* No Tax Applied
Thank You Ricky Mauch!

**Ship To**

Mountain Chief
Attn: Ricky Mauch
630 SW Walnut St. Suite 148
Hillsboro, OR 97123 USA



**Lab Society**
604 9th Avenue
Longmont, CO 80501 US
720.684.6857

| | | |
|---|---|---|
| **Company:** | Global Financial & Leasing Service | |
| **Customer:** | Ricky Mauch | |
| **Billing Address:** | 6263 N. Scottsdale Rd. Ste 222, Scottsdale, AZ, 85250 | |
| **Work:** | | |
| **Mobile:** | | |
| **Email:** | | |

| Item | | Qty | Price |
|---|---|---|---|
| LS-ASRS-32 | Automated Solvent Recovery System - Premium 32 Gallon*  Automated System Includes: Vacuum Assist, Dual Drum, and Collection Level Sensor.  Safety Features and Temperature Controls:  -Using a variety of sensors and automations all our ASRS units are able to run safely with minimal operator intervention. All Systems are certified Class 1 Division 1 Group D explosion proof. -Electric Heating with Thermal Oil -Uses a thermal oil jacket electric heater to quickly and evenly heat the boiling vessel.  Controls: -The ASRS series includes a remote box Touchscreen PLC which can be programmed for many automation procedures depending on the optional accessories included.  • Safe – Class 1 Div 1 Group D Explosion Proof METLAB Certified • Strong – High Quality 304 Stainless Steel Construction Throughout • Simple - Automated operations, Automated operation, Tilting Base for Easy Residual Product Removal and Access • Smart – Highly Automated with Touch Screen PLC and Remote Cellular Access • Includes Free Lifetime Service and Support Including Remote Access * | 1 | $57,190.00 |
| LS-ASRS-WC32 | Automated Solvent Recovery System Water Chiller For 32 Gallon Unit* | 1 | $10,800.00 |

| | | | |
|---|---|---|---|
| LS-ASRS-TTI | Automated Solvent Recovery System Technical Training And Install* | 1 | $5,000.00 |

| | |
|---|---|
| Subtotal | $72,990.00 |
| Total Tax | $0.00 |
| **Total** | **$72,990.00** |

**Terms & Conditions**

Returns:
Please do not return any material without our consent. Please call or email your request to help@labsociety.com to receive authorization. Lab Society cannot be responsible for material returned without our permission. Upon approval, Lab Society will accept, for return or exchange, items that are in new condition, unopened, and free of damages by the customer within 30 days of the initial purchase date. Returns made after 30 days are subject to a 20% restocking fee. Items must be in original packaging with proof of purchase; otherwise, the return or exchange will not be honored. Shipping and processing fees for returns/exchanges will be at the customer's expense.

Damaged Items/Shortages:
Please call or email help@labsociety.com to report shortages, breakage or discrepancies in your order within 10 days of receipt of your order. Do not discard broken items prior to speaking with our returns department. Pictures may be required of broken/damaged items to improve packaging and shipping methods.

Special Orders:
In the event that a paid invoice including non-stocked items (special order) requires cancellation, Lab Society will impose a 10% maintenance fee to cover any incurred expenses including shipping, processing, and office fees.

\* No Tax Applied
Thank You Ricky Mauch!



**Lab Society**
604 9th Avenue
Longmont, CO 80501 US
720.684.6857

*Hillsboro OR.*

| | |
|---|---|
| **Company:** | Global Financial & Leasing Service |
| **Customer:** | Ricky Mauch |
| **Billing Address:** | 6263 N. Scottsdale Rd. Ste 222, Scottsdale, AZ, 85250 |
| **Work:** | |
| **Mobile:** | |
| **Email:** | |

| Item | Qty | Price |
|---|---|---|
| LS Freight * | 1 | $850.00 |
| SO-LOW Drop Shipment * | 1 | $850.00 |
| Cascade Drop Shipment * | 1 | $150.00 |
| ASRS Shipping * | 1 | $2,000.00 |
| | Subtotal | $3,850.00 |
| | Total Tax | $0.00 |
| | **Total** | **$3,850.00** |

**Terms & Conditions**

Returns:
Please do not return any material without our consent. Please call or email your request to help@labsociety.com to receive authorization. Lab Society cannot be responsible for material returned without our permission. Upon approval, Lab Society will accept, for return or exchange, items that are in new condition, unopened, and free of damages by the customer within 30 days of the initial purchase date. Returns made after 30 days are subject to a 20% restocking fee. Items must be in original packaging with proof of purchase; otherwise, the return or exchange will not be honored. Shipping and processing fees for returns/exchanges will be at the customer's expense.

Damaged Items/Shortages:
Please call or email help@labsociety.com to report shortages, breakage or discrepancies in your order within 10 days of receipt of your order. Do not discard broken items prior to speaking with our returns department. Pictures may be required of broken/damaged items to improve packaging and shipping methods.

Special Orders:
In the event that a paid invoice including non-stocked items (special order) requires cancellation, Lab Society will impose a 10% maintenance fee to cover any incurred expenses including shipping, processing, and office fees.

* No Tax Applied
Thank You Ricky Mauch!

# EXHIBIT B

# LEASE ASSIGNMENT
## UNDER MASTER LEASE AGREEMENT
### DATED June 16, 2014


OR Locution

FOR VALUABLE CONSIDERATION Global Financial & Leasing Services, LLC, an Arizona limited liability company ("**Assignor**") hereby assigns to GFRS EQUIPMENT LEASING FUND II, LLC ("**Assignee**"):

1. All Assignor's right, title, and interest in that certain Lease Agreement between

   | | |
   |---|---|
   | Name: | **Mountain Chief Management Services** ("**Customer**") |
   | Lease No.: | **10230469** |
   | Dated: | **1/25/2018** |

   (the "**Lease**"), which is a Lease of the Equipment described in <u>Exhibit 1</u> hereto (the "**Equipment**") including, without limitation:

   a. All guaranties, advance rentals, security deposits, insurance and insurance proceeds and any other rights securing the payment of Customer's obligations under the Lease;

   b. All insurance proceeds payable under any policy of insurance required to be purchased by Customer under the Lease, and all loss payable rights thereunder;

   c. All documents related to the Lease, including, but not limited to, Form UCC-1;

   d. All rights to enforce Assignor's rights under the Lease and under any insurance policies, security agreements or other documents related to the Lease and to seek remedies thereunder, including any legal, equitable, or other remedies; and

   e. All right, title and interest Assignor has in any Equipment (including, without limitation, any software relating to or required by the Equipment).

   This agreement is also an assignment of the Equipment subject to the Lease. Assignor, in entering into the Lease and acquiring the Equipment, has at all times acted as Assignee's agent. Assignor and Customer are the real parties in interest to the Lease.

2. The foregoing assignment includes, without limitation:

   a. The right to acquire and take title of the Equipment subject to the terms of the Lease directly from the supplier(s) and the duty to pay the supplier(s) the Purchase Price, if not previously paid, or otherwise pay the Purchase Price of the Equipment as agreed to in the Lease and in any Purchase Order for the Equipment; and

   b. The right to any interest the Assignor has in the Equipment, including, without limitation, any security interest Assignor may have in the Equipment and all rights under any personal guaranty of any Lease.

3. Assignor, in entering into the Lease and acquiring the Equipment, has acted solely as the Agent of Assignee, and as Assignee's Manager, and all interests in property or Leases acquired by Assignee prior to the execution and delivery of this assignment are the property of Assignee.

4. As consideration for the assignment of the Lease, Assignee will pay to Assignor $188,412.15, which is the Purchase Price of the Equipment (the "**Purchase Price**")

5. If Assignor receives any insurance proceeds payable with respect to the loss or damage of any piece of equipment subject to a Lease assigned hereby, Assignor agrees to hold such proceeds in trust for the benefit of the Assignee and within two business days of receipt of such proceeds, pay over all such proceeds to Assignee without offset or deduction of any kind.

6. The Assignor shall be liable for any taxes arising from Assignor's acquisition of any interest in the Lease or the Equipment, and the Assignor shall indemnify, defend and hold Assignee harmless for, from and against all taxes arising from Assignor's acquisition of the Lease and interest in the Equipment.

7. Assignor represents and warrants to Assignee that:

    a. The Lease is a valid and binding obligation of the Customer, enforceable in accordance with its terms.

    b. Assignor has not previously assigned, pledged, liened or disposed of any right, title, or interest in either the Lease or any Equipment subject to the Lease.

    c. Assignor has not received any security deposits, advance rent payments or other monies with respect to the Lease.

    d. The names, addresses of the Customer and the description of the Equipment are true, correct and accurate and all statements of fact set forth in the Lease are accurate as of the date of this Agreement.

    e. Assignor has delivered to Assignee the original of the Lease, any personal guaranty of the Lease, all information concerning the Equipment subject to the Lease, and all ancillary documentation pertaining to the Lease or the Equipment.

8. This assignment is without recourse to Assignor, except as provided in Sections 6 and 7 above and in the Master Purchase Lease (the "**Master Lease**").

9. Assignor hereby irrevocably appoints Assignee as its true and lawful attorney-in-fact, with full power to act in the name of Assignor ask, require, demand, assert, receive, and give receipt for any all rents, claims for money, or other amounts due with respect to the Lease and this Agreement, and to endorse checks or instruments or orders in the name of Assignor in connection with this Lease or any amounts required to be paid hereunder, and to take any action and initiate any suit or other legal action or proceeding which may be necessary to enforce the Lease or perfect Assignees rights hereunder. This power of attorney is a power coupled with an interest and is irrevocable.

10. All rights and duties herein may be further assigned by Assignee and all subsequent Assignees.

11. This assignment is an absolute transfer of Assignor's rights and obligations under the Lease, and not an assignment for security purposes.

12. This assignment includes an assignment of the warranties and covenants set forth in the Master Lease.

13. This Assignment is governed by the substantive laws of the State of Arizona, without regard to conflicts of law principles.

Dated:     March 8, 2018

**ASSIGNOR:**

Global Financial & Leasing Services, LLC

By: _____
Title:      President

**ASSIGNEE:**

GFRS Equipment Leasing Fund II, LLC

By: _____
Title:      Fund Manager

<u>Exhibit I</u>
(Description of Equipment)

Lab Equipment

# EXHIBIT C



# CORPORATE GUARANTY

Lessee: MOUNTAIN CHIEF MANAGEMENT SERVICES, INC.

Lessor: Global Financial & Leasing Services, LLC

Date: X  1-25-2019

Lease Number: 10230469

In consideration of entering into the above lease by Lessor, with MOUNTAIN CHIEF MANAGEMENT SERVICES, INC. "Lessee" signed Guarantor CHC Holdings, LLC "Corporate Guarantor", as a direct and primary obligation, absolutely and unconditionally, guarantees to Lessor and any assignee of Lessor, the full and prompt payment of all rent to be paid and the performance of all terms, conditions, covenants, and agreements of the Lease, irrespective of any invalidity of unenforceability thereof or the security thereof. The undersigned agrees to pay all costs, expenses, including reasonable attorney fees incurred by or in enforcing all obligations under the Lease or incurred by the Lessor in connection with enforcing any obligation and this Guaranty. The undersigned waives notice of acceptance hereof, presentment, demand, protest, notice of protest, or of any defaults, and consents that Lessor may without affecting the obligation hereunder, grant Lessee any extension or indulgence under the Lease, and may proceed directly against the undersigned without first proceeding against Lessee or otherwise disposing of any security afforded Lessor under the Lease.

This guaranty shall be binding upon the respective heirs, executors, administrators, successors and assigns of the undersigned. This guaranty shall be construed according to the laws of the State of Arizona. THE UNDERSIGNED HEREBY WAIVES ANY RIGHT TO A JURY TRIAL WITH RESPECT TO ANY MATTER UNDER OR IN CONNECTION WITH THE GUARANTY.

Corporate Guarantor: CHC Holdings, LLC

Signature: X _Myrna Mooney_

By: Myrna Mooney, Managing Member

Date: X  1-25-2018

CorpGuar_GFLS_4-11-17